UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GRISSOM,                          )
                                         )
            Plaintiff,                   )     Case No. 1:07-cv-498
                                         )
v.                                       )     Honorable Janet T. Neff
                                         )
GENERAL MOTORS CORPORATION,              )
                                         )     **MEMORANDUM OPINION**
            Defendant.                   )
_____)

   This is a civil action brought by a *pro se* plaintiff against General Motors Corporation, his former employer. Plaintiff's complaint arises from his termination from employment on June 1, 2004, as a result of a charge of sexual harassment brought against him by a female co-worker. Plaintiff asserts a claim under 42 U.S.C. § 1981, as well as the analogous Elliott-Larsen Civil Rights Act.

   Plaintiff is not proceeding *in forma pauperis*. As a consequence, he is responsible for assuring that defendant is properly served with process. On the same day that the case was filed, the Clerk issued to plaintiff a summons in blank for purposes of service. As shown by the return of service (docket # 2), plaintiff attempted to serve defendant by sending the summons and a copy of the complaint by certified mail, return receipt requested, to the General Motors Delta Township Plant at a post office box in Lansing, Michigan. The return receipt indicates that an employee named Michael D. Callahan signed for the envelope on June 7, 2007. Defendant took no action to respond to the complaint. Plaintiff thereafter moved for the entry of a default judgment against General

Motors Corporation. The Clerk entered a default against the defendant on January 3, 2008. (docket # 5). District Judge Janet T. Neff has referred the motion for default judgment to me. Upon review of the record, I find that defendant was not properly served and that the court lacks personal jurisdiction over the defendant for that reason. The default against General Motors Corporation will therefore be vacated, and the motion for default judgment will be denied.

## Discussion

In the absence of proper service of process, or waiver of service by the defendant, "a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Service of process refers to a formal delivery of documents legally sufficient to charge the defendant with notice of a pending action. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). Absent proper service of process, a party is not required to take any action in a lawsuit, even if the party has actual knowledge of its pendency. *See Murphy Bros.*, 526 U.S. at 350.

Rule 4 of the Federal Rules of Civil Procedure governs service of process in federal actions. The rule specifies the method of serving process on a corporation. FED. R. CIV. P. 4(h).[1] Rule 4(h) provides that a domestic corporation may be served either in the manner prescribed by state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing

---

[1] All citations to the Rules of Civil Procedure are to the December 1, 2007 edition. Although plaintiff attempted to make service of process before that date, the stylistic changes to Rule 4 implemented in the 2007 edition do not change the substance of the rule.

a copy of each to the defendant." It is clear that plaintiff complied with neither of these alternatives. Rule 4(h) first allows a plaintiff to serve process in accordance with state law. FED. R. CIV. P. 4(e)(1), and (h)(1)(A). Plaintiff may follow the law of the state in which the district is located or where service is made. *See LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322-23 (6th Cir. 1999). Unlike the federal rules, the Michigan court rules allow service by mail. MICH. CT. R. 2.105(A)(2). In the case of a corporation, the relevant court rule allows service in one of several ways:

(1) serving a summons and a copy of the complaint on an officer or the resident agent;
(2) serving process on a director, trustee, or person in charge of an office or business establishment of the corporation *and* sending a summons and a copy of the complaint by registered mail addressed to the principal office of the corporation;
(3) serving process on the last presiding officer of a defunct corporation; or
(4) sending process by registered mail to the corporation and to the Michigan Corporation and Securities Bureau, if the corporation has failed to appoint a resident agent, failed to keep up its organization by the appointment of officers or otherwise, or the corporation's term of existence has expired.

MICH. CT. R. 2.105(D).

It is obvious that neither method 3 nor method 4 is available against General Motors Corporation, as that corporation has not ceased to do business nor has it failed to appoint a resident agent. Consequently, plaintiff in the present case was required to either serve process on an officer or resident agent or on a director, trustee, or person in charge of an office *and* mail a copy by registered mail to the principal office of the corporation. Plaintiff has satisfied neither one of these requirements. There is no evidence that Mr. Callahan is either an officer or the resident agent of General Motors Corporation, and plaintiff has failed to send by registered mail a copy of the process to the principal office of General Motors Corporation in Delaware.

The second method of service under Rule 4(h) requires "delivering" a copy of the summons and complaint to an officer or authorized agent. This requires personal delivery and is not satisfied by mailing. Furthermore, the person to whom process is delivered must be an officer, managing agent, or person authorized to receive service of process. Delivery to a lower-level employee, such as a receptionist, is not sufficient. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 354 (6th Cir. 2003). There is no indication in the present case that Mr. Callahan, the employee who signed for the certified mail, fits the description of authorized persons under Rule 4(h).

Plaintiff has clearly failed to serve process in any of the ways allowed by Rule 4 or by the applicable state court rule. Therefore, this court lacks personal jurisdiction over the defendant and cannot enter judgment against it. The default entered by the Clerk will be vacated, and plaintiff's motion for the entry of a default judgment will be denied. The life of the summons in this case will be extended to and including February 22, 2008, to give plaintiff a reasonable opportunity to effect proper service of process.


Dated:  January 9, 2008                     /s/  Joseph G. Scoville
                                            United States Magistrate Judge